**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DARRELL BAILEY,                                                                                          PLAINTIFF
ADC #800039

v.                                            No. 5:11CV00031 JLH

RAY HOBBS, Director, Arkansas Department
of Correction; LARRY D. MAY, Chief
Deputy Director, ADC;
JAMES BANKS, Warden, Varner Unit, ADC;
JAMES GIBSON, Assistant Warden, Varner Unit,
ADC; CURTIS MEINZER, Assistant Warden,
Varner Unit, ADC; REVONNA WALKER,
Classification Officer, Varner Unit, ADC                                                         DEFENDANTS

**OPINION AND ORDER**

Darrell Bailey commenced this action against Ray Hobbs, the Director of the Arkansas Department of Correction, Larry May, the Chief Deputy Director, and other officers of the Department of Correction, alleging violations of his rights under the due process clause of the Fourteenth Amendment. Specifically, Bailey contends that the defendants violated his procedural due process rights by failing to conduct meaningful periodic reviews of the propriety of his continued confinement in administrative segregation. The defendants moved for summary judgment, and the magistrate judge recommended that the motion be granted in part and denied in part. The defendants have entered timely objections to the magistrate judge's recommended disposition. For the following reasons, the defendants' motion for summary judgment is granted in part and denied in part.

**I.**

Bailey is serving a life sentence as a result of a conviction in Kansas for first degree murder. In 1991, he was transferred to the Arkansas Department of Correction pursuant to the Interstate Corrections Compact. Two years later, he received a disciplinary conviction for rape or forced sexual

act. As punishment, he served thirty days in isolation and was assigned to administrative segregation for one and one-half years. After serving his discipline, he was released back into the general population.

In 2003, Congress passed the Prison Rape Elimination Act. In response, the Arkansas Department of Correction adopted a zero-tolerance policy that provided, among other things, that any inmate found guilty of rape prior to the adoption of the policy was to be "reviewed by the Unit Classification Committee for possible assignment to single-cell housing, segregated from the general population." One June 22, 2005, Bailey was informed that his housing status would be reviewed because of the 1993 disciplinary conviction. Shortly thereafter, Bailey was assigned to administrative segregation.[1]

It does not appear the parties have provided the Court with the Department policy outlining the procedures that are in place regarding review of an inmate's continued confinement in administrative segregation. In *Williams v. Hobbs*, the Eighth Circuit discussed the relevant Arkansas Department of Correction policy vis-a-vis an inmate whose time in administrative segregation appears to have overlapped with Bailey's for a number of years. 662 F.3d 994, 998 (8th Cir. 2011).[2] According to *Williams*, Department policy provided that

---

[1] As the magistrate judge explained, although Bailey contends that his initial placement in administrative segregation violated his due process rights, that claim was raised for the first time in his response to the motion for summary judgment. Because that claim was not asserted in Bailey's complaint, it will not be considered.

[2] To the extent *Williams'* exposition of the relevant Department policy does not accurately represent the policy in effect during Bailey's detention in administrative segregation, and to the extent any differences are material to the Court's reasoning herein, the parties may move for reconsideration and provide the Court with a copy of the relevant policy in effect during Bailey's confinement in administrative segregation.

> the Classification Committee must review the status of an inmate confined in Ad. Seg. every 30 days. The Classification Committee is routinely composed of the warden, assistant warden, chief of security, a member of mental health, and a "classification officer." The warden, however, possesses complete authority to approve or deny the Classification Committee's recommendation. Also, Mental Health staff must independently review the inmate's status every 30 days.

662 F.3d at 998. Furthermore,

> No inmate shall remain in a segregation classification for more than one year unless he has been personally interviewed by the Warden at the end of one year and such action is approved by him. At the end of the second and each additional year that an inmate remains in a segregation classification, he must be personally interviewed by both the Warden and the Deputy/Assistant Director, who will then determine whether or not continuation in that status is necessary and/or appropriate.

*Id.* Here, the parties agree that, with respect to Bailey, the relevant prison officials convened for all reviews required under Department policy. *See also* Document #42-2 (Bailey's testimony that he received annual reviews as well as reviews every 30, 60, and 90 days). Bailey contends, however, that the reviews were not "meaningful" and, consequently, failed to provide him with sufficient due process.

Bailey provided copies of review forms memorializing various reviews of his assignment to administrative segregation. As the magistrate judge found, a large number of these forms indicate that Bailey was kept in administrative segregation because he was "a threat to the security and good order of the institution." Others indicated different reasons. On five forms, however, no explanation was provided for Bailey's continued assignment to administrative segregation.

On a director's review form dated March 4, 2008, May indicated that Bailey was to be released from "PREA status." However, no action was taken as a result of this decision. On December 17, 2008, the Classification Committee recommended that Bailey be released from administrative segregation because he was "[no longer] a threat to the security and good order of the

3

institution." The Committee's recommendation stated that Bailey had shown, "improvement in conduct, attitude and behavior since being assigned to segregation," and that he no longer "indicate[d] a chronic inability to adjust in the general population." Nevertheless, Bailey remained confined to administrative segregation until October of 2011.

## II.

A court should enter summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets this burden, the nonmoving party must respond by coming forward with specific facts establishing a genuine dispute for trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). In deciding a motion for summary judgment, a court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *PHL Variable Ins. Co. v. Fulbright McNeill, Inc.*, 519 F.3d 825, 828 (8th Cir. 2008). A genuine dispute exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. When a nonmoving party cannot make an adequate showing sufficient to establish a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23, 106 S. Ct. at 2552.

### III.

In their motion for summary judgment, the defendants argued that Bailey lacks a protected liberty interest in not being confined to administrative segregation, received any process that was due, and mooted his claims by voluntarily choosing to enter administrative segregation and refusing to be released into general population. The defendants also argued that Bailey's claims should be limited to exclude those for which he failed to properly exhaust his administrative remedies, to exclude reviews in which he voluntarily refused to participate, and to allow claims against each defendant only for those reviews in which that defendant personally participated. Further, the defendants contended that they are entitled to qualified immunity on Bailey's due process claims, and to sovereign immunity with respect to all official capacity claims for money damages. Finally, the defendants argued that Bailey is barred from seeking compensatory damages for mental anguish because he did not suffer a physical injury, and also from seeking injunctive relief.

The magistrate judge concluded that summary judgment was inappropriate on Bailey's claim that his six-year confinement in administrative segregation triggered the right to procedural due process, and further that questions of material fact existed regarding whether the defendants reviewed the propriety of Bailey's confinement in any meaningful way. The magistrate judge concluded that the defendants are entitled to qualified immunity for failing to record the reasons for keeping Bailey in administrative segregation in writing, but not for failing to provide "meaningful" reviews. The magistrate judge declined to find, as a matter of law, that Bailey waived or mooted his due process rights by voluntarily remaining in administrative segregation, or by failing to participate in some of the reviews. The magistrate judge also rejected the defendants' argument that Bailey's claims should be limited to those for which he properly exhausted his administrative remedies. Similarly, the

magistrate judge recommended denying summary judgment as to particular reviews in which individual defendants were not personally involved because the defendants failed to proffer evidence showing in which reviews each defendant personally participated. The magistrate judge also recommended denying summary judgment on Bailey's request for injunctive relief. Finally, the magistrate judge recommended granting summary judgment on Bailey's official capacity claims for monetary damages as well as all his claims for compensatory damages.

The defendants filed objections to the magistrate judge's recommendations. Specifically, the defendants contend that the magistrate judge improperly applied the relevant legal standard when finding that genuine issues of material fact remain regarding whether the defendants' reviews of Bailey's continued confinement in administrative segregation were meaningful, and in denying qualified immunity to the defendants on this issue. The defendants also contend that the magistrate judge erred in rejecting the defendants' exhaustion arguments as well as their arguments pertaining to Bailey's right to seek injunctive relief. Bailey has filed a response to the defendants' objections, but does not articulate any additional objections to the recommended partial disposition.

The defendants have not objected to the magistrate judge's recommendation that summary judgment be denied on the issues of whether Bailey had a liberty interest giving rise to procedural due process rights and whether Bailey waived or mooted his due process rights by voluntarily entering and remaining in administrative segregation as well as failing to attend certain reviews. Nor have the defendants objected to the magistrate judge's recommendation regarding each defendant's personal involvement in particular reviews. Furthermore, Bailey has not objected to the magistrate judge's recommendation that summary judgment be granted in part. Therefore, finding no plain error, the Court adopts the magistrate judge's recommendations regarding these issues. *See United States v.*

*Robinson*, 253 F.3d 1065, 1068 (8th Cir. 2001) ("[W]hen a party fails to object to the findings set forth in the magistrate judge's report and recommendation . . . we subsequently review those findings for plain error."); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (The petitioner's "failure to file any objections waived his right to de novo review by the district court of any portion of the report and recommendation of the magistrate judge[.]").

**A.      Meaningful Review**

Prison officials reviewing an inmate's confinement in administrative segregation must provide the inmate with a review that is meaningful. *See Williams v. Norris*, 277 F. App'x 647, 649 (8th Cir. 2008); *Rahman X v. Morgan*, 300 F.3d 970, 973-74 (8th Cir. 2002); *Jones v. Mabry*, 723 F.2d 590, 594 (8th Cir. 1983); *Kelly v. Brewer*, 525 F.2d 394, 400 (8th Cir. 1975). The Eighth Circuit recently held that one way prison officials fail to provide meaningful review of an inmate's confinement in administrative segregation is where the officials fail to inform the inmate of the specific reasons for his continued confinement. *See Williams*, 662 F.3d at 1009. However, *Williams* post-dated the reviews giving rise to Bailey's claims here. Consequently, the defendants are entitled to qualified immunity on Bailey's claim that they failed to articulate specific facts explaining why he remained ineligible for release from administrative segregation. *See Ashcroft v. al-Kidd*, --- U.S. ----, 131 S. Ct. 2074, 2080, 179 L. Ed. 2d 1149 (2011) (state officials are entitled to qualified immunity unless they violated a statutory or constitutional right which was "clearly established" at the time).

Nevertheless, a question of material fact remains as to whether the defendants otherwise were reviewing the propriety of Bailey's continued confinement in administrative segregation in a meaningful way. Even though May had released Bailey from "PREA status" in March of 2008, some of the defendants testified that they were unaware of this fact when conducting subsequent reviews.

Indeed, the evidence indicates that the Classification Committee continued to cite Bailey's "PREA status" as a basis for keeping him in administrative segregation even after May released him from this status. Additionally, the defendants used forms indicating their decision when performing a review. These forms included pre-written reasons for the decision which could be selected by placing a checkmark in an adjacent box on the form. However, on at least five occasions, the defendants did not check any box on the form memorializing their review.[3] Finally, the Classification Committee concluded that Bailey should be released from administrative segregation in December of 2008. That decision was included in Bailey's administrative file. Two of the defendants testified that they relied upon Bailey's file when reviewing his assignment to administrative segregation. Nevertheless, they failed to discover the decision to release Bailey during subsequent reviews.

This evidence tends to establish that the defendants' reviews were perfunctory rather than meaningful. Therefore, as the magistrate judge correctly concluded, the Court cannot say as a matter of law that the defendants' reviews of Bailey's confinement in administrative segregation were meaningful.[4]

**B.     Exhaustion**

It is well-established that an inmate must exhaust all "administrative remedies as are available"

---

[3] The defendants argue that the magistrate judge's reliance on their failure to check a box stating the reason for their decision is nothing other than to impose the *Williams* standard upon their reviews. The defendants are mistaken. The defendants' failure to perform the simple task of checking a box on a prepared form tends to establish that the defendants' review was cursory rather than meaningful. It is irrelevant, in this case, that this evidence also may tend to establish that the defendants failed to comply with the standard elucidated by *Williams*.

[4] As discussed below, the Court finds that the defendants' exhaustion argument is meritorious. Consequently, the defendants' contention that they are entitled to summary judgment at least as to those reviews preceding March of 2008 is moot.

8

before commencing an action under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). The Court has no discretion to consider an unexhausted claim. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Exhaustion means proper exhaustion; that is, compliance with the prison's procedural rules for filing a grievance. *Woodford v. Ngo*, 548 U.S. 81, 93-95, 126 S. Ct. 2378, 2387-88, 165 L. Ed. 2d 368 (2006).

Here, it is undisputed that the Department grievance policy requires that inmates file a grievance form within fifteen days "after the occurrence of the incident." Document #42-3 at 4, #42-4 at 5. The policy also requires that inmates specify the "personnel involved" in the incident. *Id.* Bailey testified that the grievances provided by the defendants, *see* document #42-5, contained all of his grievances on these matters. Document #42-2 at 64. According to these exhibits, Bailey submitted informal grievances, which were ultimately fully appealed, first complaining about: (1) Banks' conduct at review on June 16, 2010; (2) Hobbs' at review on June 28, 2010; (3) May's at review on June 29, 2010; (4) Walker and Meinzer's at review on July 6, 2010; (5) and Gibson's at review on July 26, 2010. *Id.* Consequently, pursuant to Department policy, Bailey did not properly exhaust claims against Banks for reviews prior to June 1, Hobbs for reviews prior to June 13, May for reviews prior to June 14, Walker and Meinzer for reviews prior to June 21, and Gibson for reviews prior to July 11. Therefore, the Court has no discretion to consider Bailey's claims regarding reviews occurring prior to these dates as to each defendant, respectively.

Bailey contends that the defendants' due process violations were serial in nature and, consequently, justice demands that the Court treat his grievances as extending back to all prior reviews. Baily cites no authority for this proposition. Nor has the Court found any decision or law creating such an exception to section 1997e(a). The Court is not free to create, on equitable grounds,

9

an exception that Congress did not place in section 1997e. *See Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000); *see also Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152, 104 S. Ct. 1723, 1726, 80 L. Ed. 2d 196 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). Because Bailey's due process claims are for alleged violations occurring at separate and discrete reviews of his confinement, he cannot rely upon the timeliness of his grievances with respect to later reviews to render timely his grievances as to earlier reviews. *Cf. Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 112, 122 S. Ct. 2061, 2071, 153 L. Ed. 2d 106 (2002) (noting, in the employment law context, "that discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period."). *Compare Donaldson v. O'Connor*, 493 F.2d 507, 529 (5th Cir. 1974), *vacated on other grounds*, 422 U.S. 563, 95 S. Ct. 2486, 45 L. Ed. 2d 396 (1975) (claim for false imprisonment was continuing violation and thus not barred by statute of limitations).

Consequently, Banks is entitled to summary judgment on Bailey's procedural due process claims regarding reviews occurring before June 1, 2010. Similarly, Hobbs is entitled to summary judgment regarding reviews occurring before June 13, May regarding reviews occurring before June 14, Walker and Meinzer regarding reviews occurring before June 21, and Gibson regarding reviews occurring before July 11.

**C.    Injunctive Relief**

Finally, the defendants contend that Bailey has never sought injunctive relief, and that the magistrate judge's refusal to find as a matter of law that Bailey is not entitled to injunctive relief penalizes the defendants for "craft[ing] a thorough and comprehensive" motion. The defendants are incorrect. In his complaint, Bailey requested "appropriate injunctive relief[.]" Document #2 at 18.

Because this action will proceed to trial, the Court agrees with the magistrate judge that the better course is to hold the issue of injunctive relief in abeyance.

## CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART. Document #40. Summary judgment is granted on Bailey's procedural due process claims against Banks regarding reviews occurring before June 1, Hobbs regarding reviews occurring before June 13, May regarding reviews occurring before June 14, Walker and Meinzer regarding reviews occurring before June 21, and Gibson regarding reviews occurring before July 11. Because the defendants are entitled to qualified immunity on Bailey's claim that they failed to articulate specific facts explaining why he remained ineligible for release from administrative segregation, summary judgment is granted as to those claims. Summary judgment is also granted on Bailey's claims for monetary damages asserted against the defendants in their official capacities. Finally, summary judgment is granted on Bailey's claims for compensatory damages. These claims are dismissed with prejudice. Summary judgment is denied in all other respects.

IT IS SO ORDERED this 25th day of July, 2012.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE